

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*David Haller*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3117*
*Fax: 504-589-2027*

December 3, 2014

Honorable Helen G. Berrigan
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130



    Re:   *United States v. Lawrence Treigle*
           Criminal Docket No. 14-181

Dear Judge Berrigan:

    In compliance with the holding of Bryan v. United States, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the government wishes to acknowledge the following agreement between the government and Lawrence Treigle, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Vincent F. Wynne, Jr., has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The government intends to file a one-count Bill of Information charging the defendant with a conspiracy to smuggle turtles from the United States, in violation in Title 18, United States Code, Sections 371 and 554. The defendant agrees to waive the right to grand jury indictment and to plead guilty to count one of the Bill of Information.

    In return for this plea of guilty, the government agrees that should the Court accept defendant's plea of guilty, and should the defendant comply with all terms of this agreement, the government will not bring any other charges against the defendant in the Eastern District of Louisiana arising from his participation in a conspiracy to smuggle turtles from the United States between November 1, 2011 and August 19, 2014, as long as the defendant has truthfully informed the agents of the details of this crime.

    The defendant further understands that the maximum penalty he may receive should his plea of guilty be accepted is imprisonment for five years and/or a fine of $250,000.

    It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to three (3) years pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of

Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

        d.       The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the government as to any person defendant believes to be violating the law and defendant agrees to assist the government with regard to the investigation and prosecution of criminal conduct of any other person.

After the parties execute this plea agreement, the government also agrees that any statements or testimony made later by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement other than false statements, or those relating to crimes of violence, will not be used against the defendant except for the purpose of impeachment. However, any such statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents and/or prosecutors, the

3

statements and testimony can be used to prove those offenses, and he faces additional criminal charges. However, the defendant acknowledges that if he withdraws his decision to plead guilty, his plea of guilty is successfully withdrawn or otherwise set aside, or he violates the terms of this plea agreement, then any statement or testimony given by the defendant after he signs this plea agreement shall be admissible for all purposes against the defendant and may be used by the government against the defendant in any and all future criminal proceedings.

The government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to, make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines will be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. The defendant understands that even if the government were to file such a motion, the Court may deny it and could refuse to grant a downward departure.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Bill of Information or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Bill of Information or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

4

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

The defendant understands that the statements set forth above represent defendant's entire agreement with the government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____  12/3/14
DAVID HALLER          (Date)
Assistant United States Attorney


_____  12/3/14
VINCENT F. WYNNE, JR.    (Date)
Attorney for Lawrence Treigle


_____  12/3/14
LAWRENCE TREIGLE      (Date)

5